**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

Douglas Eugene Anderson Estate,

Plaintiff,

v. Case No: 2:26-cv-2876-BCL-cgc

Jonathon Leddige, et al.,

Defendants.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

On July 15, 2026, Mr. Anderson filed various pleadings. Doc. 1. On July 22, 2026, Magistrate Judge Charmiane G. Claxton[1] issued a Report and Recommendation that "to the extent that [Mr.] Anderson seeks to remove the State of South Dakota criminal prosecution at case number 49CRI26-000925 to the United States District Court for the Western District of Tennessee," this case should be remanded for lack of subject matter jurisdiction. Doc. 6 at 2. Mr. Anderson filed a responsive pleading titled "Notice of Rejection and Mandate." Doc. 13. For the reasons that follow, the Court **ADOPTS** the Report and Recommendation.

A United States District Court Judge may designate a United States Magistrate Judge to submit proposed findings of fact and conclusions of law for disposition by the District Judge of certain matters. 28 U.S.C. § 636(b)(1). The District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and "shall make a de

[1] Pursuant to Administrative Order No. 2013-05, this case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

Mr. Anderson's initial filings included several miscellaneous exhibits (Docs. 1 & 1-1), a civil case cover sheet (Doc. 1-2), a copy of court records from *State v. Anderson*, South Dakota Criminal Circuit Court case no. 49CRI26-925 (Doc. 1-3), and three documents labeled "affidavits of truth" (Docs. 1-4, 1-5, & 1-6). On his cover sheet, Mr. Anderson indicates that he is "removing" an action from state court. Doc. 1-2. Mr. Anderson also separately filed a letter to the Clerk of Court, indicating that he wished to "serve notice on the following Defendants regarding their removal from the South Dakota system." Doc. 3. Mr. Anderson again indicated that his suit was being removed from state court when he filed an amended cover sheet, which also listed the South Dakota criminal case as a related case. Doc. 5. Nowhere appears a complaint which even attempts to comport with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8.

Based upon these filings, the Magistrate Judge recommended that this case be remanded *sua sponte*. Doc. 6. Mr. Anderson had failed to comport with the requirements for removal under Title 28 United States Code Section 1455(a) because this is "not the district within which the prosecution is pending and [Mr.] Anderson has not filed a short and plain statement of the grounds for removal." *Id.* at 2.

In response, Mr. Anderson objected that "[t]his is an original civil complaint for federal crimes, not a 'removal' of a state criminal case." Doc. 13 at 1. The objection is **OVERRULED**. Mr. Anderson has consistently labeled his case as a removal from state court and provided a record of those criminal proceedings as would occur in a removal. He may not simply reconceptualize his filings following the report and recommendation identifying their fatal flaws. Accordingly, this

case is **REMANDED** to the the Second Judicial Circuit Court of South Dakota. The Clerk **SHALL CLOSE** this matter.

**IT IS SO ORDERED**, this 27th day of August, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE